# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# FORT MYERS DIVISION

GEORGE TISELL,

    Plaintiff,

v.                                                            Case No:   2:14-cv-368-FtM-CM

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.

## OPINION AND ORDER

Plaintiff George Tisell seeks judicial review of the denial of his claim for Social Security disability benefits by the Commissioner of the Social Security Administration ("Commissioner"). Because the decision of the Commissioner is supported by substantial evidence and Plaintiff has not shown any reversible error, the decision will be affirmed.

**I.**

Plaintiff, who was 49 years old at the time of the administrative hearings and who has a high school GED, has worked previously as a plumber/mechanic helper. Tr. 23, 173. He filed a claim for Social Security disability benefits, alleging he became disabled and unable to work beginning on July 17, 2009 due to a "mental condition/developmental disability." Tr. 172. His claim was denied initially and upon reconsideration. Tr. 67-68.

At his request, on February 11, 2013, Plaintiff received a *de novo* hearing by videoconference before Administrative Law Judge Roxanne Fuller (the "ALJ"), during

which he was represented by counsel. Tr. 30-66. Plaintiff and a vocational expert testified at the hearing. *Id.* Plaintiff testified at the hearing that he could not work due to diabetes, arthritis in his spine and mental impairments such as depression. Tr. 17, 38-40, 43, 56, 50. Plaintiff also testified that he suffered from issues with his vision, his left foot and headaches. Tr. 13, 17, 39, 45, 50. On March 29, 2013, the ALJ issued a decision finding that Plaintiff is not disabled and denying his claim. TR. 10-25. The law judge found that Plaintiff had the severe impairments of "diabetes mellitus; arthritis; depression; adjustment disorder with anxiety and depression; borderline intellectual functioning; and alcohol abuse in remission." Tr. 13. At step three, she concluded that Plaintiff "does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1. . . ." Tr. 14. She assessed Plaintiff's arthritis under § 1.00, Musculoskeletal System, Appendix 1, and his diabetes mellitus under § 9.00, Endocrine Disorders, Appendix 1, and found that the medical evidence fell short of the criteria of such provisions, and "no medical source has mentioned findings equivalent in severity to criteria of any listed impairment, individually or in combination." *Id.*

The ALJ further expressly considered whether Plaintiff met the requirements of Listings 12.04, 12.05 and 12.09 and whether the "paragraph B" criteria ("paragraph D" criteria of Listing 12.05) were satisfied. Tr. 14. She concluded that Plaintiff had mild restriction in activities of daily living, disagreeing with the state agency psychological consultant's opinion that he had no restrictions in this area.

Tr. 15. She further explained:

> The claimant reported he spends most of his time going to the hospital for his foot treatment and looking for employment. However, he also noted he washes the clothes and that his wife does most of the household chores, but that he could do chores if needed. The claimant also reported he was independent in his personal care activities and identified his hobbies and interests as golf and baseball.

*Id.* In terms of social functioning, the ALJ concluded Plaintiff has mild difficulties, similarly noting her disagreement with the state agency consultant who opined Plaintiff had no restrictions in this area. *Id.* Observing that in his function report Plaintiff reported problems getting along with others; she noted that in the same report that Plaintiff reported no problems getting along with family, friends, neighbors, authority figures and others, he speaks to friends by telephone on a regular basis and goes to church. *Id.* His report also was consistent with his testimony, in which Plaintiff stated typically he gets along with everyone and will walk away if someone upsets him. *Id.* As to concentration, persistence or pace, the ALJ opined Plaintiff has moderate difficulties (noting her disagreement with the state agency consultant, who opined that Plaintiff had no restrictions there). *Id.* She noted Plaintiff's report of problems with concentration, following instructions and completing tasks, but further observed that he stated he could pay bills, count change, handle a savings account, and use a checkbook or money orders and that he looks for work every day, all activities she noted require attention and concentration. *Id.* Furthermore, the ALJ noted that Plaintiff's March 2011 examination showed his attention and concentration were intact and his recent and remote memory was good except for only being able to repeat one of three sets of digits backwards after five

minutes; and his March 2013 examination revealed "below average immediate memory, adequate recent memory, not normal remote memory, but intact attention and concentration." Tr. 15. The ALJ found no episodes of decompensation. *Id*. Thus, she concluded: "Because the claimant's mental impairments do not cause at least two 'marked' limitations or one 'marked' limitation and 'repeated' episodes of decompensation, each of extended duration, the 'paragraph B' criteria ('paragraph D' criteria of listing 12.05) are not satisfied." *Id*. The ALJ also considered whether the "paragraph C" criteria were satisfied and concluded the evidence failed to establish the presence of the "paragraph C" criteria because there is no medically-documented history of Plaintiff experiencing a chronic affective disorder of at least two years' duration that has caused more than a minimal limitation of ability to do basic work activities. *Id*.

After consideration of the entire record, including the medical and non-medical evidence, the law judge concluded that, with Plaintiff's severe impairments, he had the residual functional capacity ("RFC") to perform light work, as defined in 20 C.F.R. § 404.1567(b), except that he was limited to simple, routine, repetitive tasks. Tr. 16-23. Accepting the vocational expert's testimony, the ALJ found that Plaintiff's impairments and his limitations prevented him from performing his past relevant work as a maintenance/mechanic helper. Tr. 23. Relying upon evidence from the VE, the ALJ determined that, considering the Plaintiff's age, education, work experience and RFC, there are jobs existing in significant numbers in the national economy that Plaintiff could perform, such as silver wrapper, outside deliverer,

checker, escort vehicle driver, addresser and order clerk-food and beverage. Tr. 24. Accordingly, the ALJ found that Plaintiff is not disabled. *Id*. The Appeals Council let stand the decision of the ALJ as the final decision of the Commissioner. Tr. 1. Plaintiff filed an appeal in this Court on July 3, 2014. Doc. 1.

## II.

A claimant is entitled to disability benefits when he is unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to either result in death or last for a continuous period of not less than twelve months. 42 U.S.C. §§ 416(i)(1), 423(d)(1)(A); 20 C.F.R. § 404.1505(a). The Commissioner has established a five-step sequential analysis for evaluating a claim of disability. *See* 20 C.F.R. § 404.1520. The claimant bears the burden of persuasion through step four, and, at step five, the burden shifts to the Commissioner. *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987).

The scope of this Court's review is limited to determining whether the ALJ applied the correct legal standards and whether the findings are supported by substantial evidence. *McRoberts v. Bowen*, 841 F.2d 1077, 1080 (11th Cir. 1988) (citing *Richardson v. Perales*, 402 U.S. 389, 390 (1971)). The Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405(g). Substantial evidence is "more than a scintilla, *i.e.*, evidence that must do more than create a suspicion of the existence of the fact to be established, and such relevant evidence as a reasonable person would accept as adequate to support the conclusion." *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995) (internal citations

omitted); *see also Dyer v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005) (finding that "[s]ubstantial evidence is something more than a mere scintilla, but less than a preponderance") (internal citation omitted).

Where the Commissioner's decision is supported by substantial evidence, the district court will affirm, even if the reviewer would have reached a contrary result as finder of fact, and even if the reviewer finds that the preponderance of the evidence is against the Commissioner's decision. *Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991); *Barnes v. Sullivan*, 932 F.2d 1356, 1358 (11th Cir. 1991). "The district court must view the record as a whole, taking into account evidence favorable as well as unfavorable to the decision." *Foote*, 67 F.3d at 1560; *see also Lowery v. Sullivan*, 979 F.2d 835, 837 (11th Cir. 1992) (stating that the court must scrutinize the entire record to determine the reasonableness of the factual findings). It is the function of the Commissioner, and not the courts, to resolve conflicts in the evidence and to assess the credibility of the witnesses. *Lacina v. Commissioner, 2015 WL 1453364* at *2 (11th Cir. 2015), *citing Grant v. Richardson,* 445 F.2d 656 (5th Cir.1971).

**III.**

In a two-page memorandum with no citation to the record (Doc. 21), despite being previously directed by the Court to do so (Doc. 20), Plaintiff argues that his arrhythmia limits his activities such that there is no job he can safely do; he has been declared disabled by the Department of Justice; he suffers from sleep apnea, which under Listing 3.10 is defined as a disability; he suffers from PTSD, and he suffers

from severe depression in that he meets Listing 12.04. Doc. 21 at 1-2. He also appears to be challenging the ALJ's credibility determination concerning his wife's testimony of his limitations. *Id.* Although the Court acknowledges that Plaintiff is proceeding *pro se*, it is Plaintiff's burden to provide evidence to support his claim. *Ellison v. Barnhart*, 355 F.3d 1272, 1276 (11th Cir. 2003). It is not for the Court to undertake an open-ended review of the administrative record to formulate arguments on Plaintiff's behalf when he made little effort to do so. *See Hollon ex rel. Hollon v. Comm'r of Soc. Sec.*, 447 F. 3d 477, 490-91 (6th Cir. 2006). Nonetheless, because "*pro se* pleadings are ... liberally construed," *Tannenbaum v. United States,* 148 F.3d 1262, 1263 (11th Cir.1998), the Court will attempt to address each of Plaintiff's arguments.[1]

A.  *Whether substantial evidence supports the ALJ's finding at step two concerning Plaintiff's severe impairments.*

In addition to the severe impairments found by the ALJ,[2] Plaintiff appears to argue that the ALJ also should have determined his arrhythmia and his Post-Traumatic Stress Disorder ("PTSD) to be severe impairments. Doc. 21 at 1-2. With regard to his arrhythmia, Plaintiff states that his "irregular heartbeats cannot be controlled by his pacemaker," and "his activities are so limited by his condition that

---

[1] Any issue not raised by the Plaintiff on appeal is deemed to be waived. *Access Now, Inc. v. Southwest Airlines Co.,* 385 F.3d 1324, 1330 (11th Cir. 2004) ([A] legal claim or argument that has not been briefed before the court is deemed abandoned and its merits will not be addressed."), *cited in Sanchez v. Comm'r of Soc. Sec.,* 507 F. Appx. 855, 856 (11th Cir. 2013).

[2] Diabetes mellitus; arthritis; depression; adjustment disorder with anxiety and depression; borderline intellectual functioning; and alcohol abuse in remission. Tr. 13.

there is no job he can safely do." *Id.* at 1. Plaintiff cited no erroneous finding of the ALJ or gave no explanation concerning how the ALJ erred with respect to the PTSD, other than to state that he suffers from it, or how this limitation affects his ability to work. *Id.* at 2. Moreover, the Court has reviewed the record and finds no error with the ALJ's failure to find Plaintiff's arrhythmia and PTSD as severe impairments at step two. Furthermore, the ALJ need not identify every severe impairment so long as she has identified another severe impairment. Thus in this case, any error would be harmless, as the ALJ found other severe impairments and proceeded with the remainder of the sequential evaluation. As the Eleventh Circuit has stated, "[n]othing requires that the ALJ must identify, at step two, all of the impairments that should be considered severe." *Heatly v. Comm'r of Soc. Sec.*, 382 F. Appx. 823, 825 (11th Cir. 2010).

Here, Plaintiff failed to identify arrhythmia or PTSD as a basis for his alleged disability, nor did he testify that either condition was disabling. *See* Tr. 172. When a plaintiff fails to allege disability due to a specific condition on his or her application or at hearing, the ALJ has no duty to consider and make findings regarding that condition. *Street v. Barnhart*, 133 F. Appx. 621, 627 (11th Cir. 2005) (ALJ did not err in failing to consider claimant's mental impairment and intellectual functioning because they were not listed on his application and the condition was not testified to at the hearing even though plaintiff was represented by an attorney). Thus, the ALJ's findings were not in error.

B.  *Whether the ALJ properly determined that Plaintiff's impairments do not meet or equal a listed impairment*

Plaintiff's next argument on appeal concerns the ALJ's decision in step three that Plaintiff does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1, specifically Listing 3.10 and Listing 12.04. Doc. 21 at 2 Plaintiff would appear to argue that it was error for the ALJ to continue with the remaining steps and that instead she should have found at step three that Plaintiff is disabled.

The listings describe impairments that the Commissioner considers severe enough to prevent a person from doing "any gainful activity, regardless of his or her age, education, or work experience."  *See* 20 C.F.R. §§ 404.1625(a), 416.925(a).  If an adult's impairment "meets or equals one of the listed impairments, the claimant is conclusively presumed to be disabled. . . ."  *Bowen,* 482 U.S. at 141, *cited in Sullivan v. Zebley*, 493 U.S. 521, 532 (1990).  The Eleventh Circuit has described how the standard is met or equaled:

> In order to *meet* a listing, the claimant must (1) have a diagnosed condition that is included in the listings and (2) provide objective medical reports documenting that this condition meets the specific criteria of the applicable listing and the duration requirement. A diagnosis alone is insufficient. [] In order to *equal* a listing, the medical findings must be at least equal in severity and duration to the listed findings.

*Wilkinson on Behalf of Wilkinson v. Bowen*, 847 F.2d 660, 662 (11th Cir. 1987), citing 20 C.F.R. § 416.925(c)-(d).  The burden of establishing that a claimant's impairments

meet or equal a listing rests with the claimant, who must produce specific medical findings that satisfy all the criteria of a particular listing. 20 C.F.R. § 404.1520(a)(4).

Once again, the record evidence does not support Plaintiff's assertion of any error. As with his alleged severe impairments, Plaintiff failed to allege that sleep apnea was a basis for his alleged disability, Tr. 172, and did not testify at the hearing that he suffered from sleep apnea. Tr. 39-50. Although Plaintiff testified that he had problems with sleep, the ALJ considered and properly found there was no evidence that Plaintiff was treated for sleep problems. Tr. 20. Plaintiff reported in 2011 that his illness did not affect his sleep, and a medical report from Dr. Nancy Kelly, Psy. D., reported that Plaintiff's sleep patterns were normal. Tr. 185, 243. Listing 3.10 requires a showing of a sleep-related breathing disorder. 20 C.F.R. Part 404, subpart P, app. 1, § 3.10. Plaintiff has failed to establish any criteria that he meets the listed impairment. Therefore, there is no error here.

Likewise, with respect to Listing 12.04, affective disorders, Plaintiff has failed to establish how his alleged impairment of "severe depression" meets the criteria of this listed impairment or how the ALJ erred in her determination.[3] Plaintiff must

---

[3] Listing 12.04A(1) concerns depressive syndrome. To meet this listing, Plaintiff must demonstrate "medically documented persistence, either continuous or intermittent" of at least four of the following:

    a. Anhedonia or pervasive loss of interest in almost all activities; or
    b. Appetite disturbance with change in weight; or
    c. Sleep disturbance; or
    d. Psychomotor agitation or retardation; or
    e. Decreased energy; or
    f. Feelings of guilt or worthlessness; or
    g. Difficulty concentrating or thinking; or
    h. Thoughts of suicide; or
    i. Hallucinations, delusions, or paranoid thinking; or

show he meets the criteria for both paragraphs A and B of Listing 12.04, which he has not done. 20 C.F.R. Part 404, subpart P, app. 1, § 12.04. The ALJ specifically considered Listing 12.04, among others, when she evaluated the severity of Plaintiff's alleged mental impairments. Tr. 14. She also considered the "paragraph B" criteria in her determination. Tr. 14-15. Because she found Plaintiff did not have either marked limitations in at least two of the categories of (1) activities or daily living, (2) maintaining social functioning, or (3) maintaining concentration, persistence or pace; or one marked limitation and repeated episodes of decompensation of extended duration, as required, she concluded Plaintiff's impairment did not meet the paragraph B criteria of listing 12.04. Tr. 15. The ALJ noted there was no evidence of any treatment for a mental health condition during the relevant period. Tr. 18. Plaintiff's psychological consultative examiners reported that Plaintiff denied symptoms related to depression, anxiety, panic, mania or any symptoms associated with thought disorder. Tr. 18-19, 243-245; 247-259. In 2011, he was diagnosed with adjustment disorder with anxiety by Dr. Kelly (Tr. 244); and consultative examiner Carlos Perez, Ph.D., opined the medical records showed "no significant impairment of psychosocial impairment," and that Plaintiff would "be able to perform gainful activities." Tr. 259. A psychological evaluation performed by Paul S. Kling, Ph.D., in May 2011, concluded that while Plaintiff is likely to suffer from chronic

---

    f. Easy distractibility; or
    g. Involvement in activities that have a high probability of painful consequences which are not recognized; or
    h. Hallucinations, delusions or paranoid thinking.
20 C.F.R. pt. 404, subpt. P, app. 1, § 12.04A(1).

problems with anxiety and depression, they are not severe, and he is "free from serious psychiatric symptoms." Tr. 284. In March 2013, a mental status examination was performed, which showed plaintiff had no limitations with respect to the ability to understand and remember, carry out or make judgments on simple work-related decisions, but moderate limitations to understand and remember, carry out or make judgments on complex work-related decisions. Tr. 387. His intellectual ability was estimated to be below average, but he was able to solve a simple math problem on the second attempt and was able to give an accurate meaning of a proverb. *Id.* Notwithstanding the consultative examiners opinions, the ALJ acknowledged that the findings at the consultative examinations showed that Plaintiff was more than "minimally affected" by his mental health impairments, and thus limited him to simple, routine, repetitive tasks. Tr. 21.

Upon review of the record, the Court finds that substantial evidence supports the ALJ's finding that Plaintiff did meet or equal an impairment in Listing 3.10 or Listing 12.04, and Plaintiff has failed to meet this burden to show otherwise.

C. *Whether substantial evidence supports the ALJ's credibility finding and whether she applied proper legal standards.*

Finally, Plaintiff appears to challenge the ALJ's credibility finding of Plaintiff's wife, who testified that "Plaintiff has difficulty functioning socially and often wets the bed. He is unable to concentrate on simple tasks and has trouble with his hygiene." Doc. 21 at 2. In her opinion, the ALJ expressly considered the information provided by Plaintiff's wife of six years, Evan Tisell. Tr. 22-23. She give Mrs. Tisell's opinion

little weight because it is not consistent with the evidence as a whole. In this regard, the ALJ noted:

> For instance, [Mrs. Tisell] reported the claimant would not be able to function without her; however, the claimant reported he had no problem with his personal care activities. On March 22, 2011, the claimant reported he sometimes alternates cooking with his wife and his wife even reported he could volunteer at church [citations omitted]. The findings are not consistent with her testimony. Moreover, the is no evidence supporting his wife's allegations as to some of his symptoms and the minimal medical evidence shows the claimant had only conservative treatment for his physical impairments and no treatment for his mental health impairments.

Tr. 23.

Credibility determinations are the province of the ALJ. *Moore v. Barnhart*, 405 F.3d 1208, 1212 (11th Cir. 2005); *Grant,* 445 F.2d 656. With respect to the ALJ's assessment of evidence from Plaintiff's spouse, the regulations provide it is appropriate to consider "such factors as the nature and extent of the relationship, whether the evidence is consistent with other evidence, and any other factors that tend to support or refute the evidence." SSR 06-03P. Furthermore, to the extent Plaintiff is challenging the ALJ's credibility determination of his statements, which is not at all clear from Plaintiff's brief, the ALJ likewise applied the appropriate standard. A claimant's statements as to the intensity and persistence of pain or other symptoms, or how they affect his ability to work, may not be disregarded simply because they are not supported by objective medical evidence; instead, the ALJ must state specific reasons for her credibility determination and the weight given to subjective statements, which must be supported by the record. 20 C.F.R. § 404.1529(c)(4) (subjective complaints are evaluated in relation to other evidence);

SSR 96-7p; *Wilson v. Barnhart*, 284 F.3d 1219, 1225 (11th Cir. 2002) ("If the ALJ discredits subjective testimony, he must articulate explicit and adequate reasons for doing so."). Here, the ALJ applied the proper legal standards and provided detailed reasoning in support of her credibility findings with respect both to Plaintiff's (Tr. 17-20) and his wife's (Tr. 22-23) testimony. It is not for this Court to decide facts anew, reweigh the evidence or substitute its own judgment for that of the Commissioner. *Dyer*, 395 F.3d at 1210.

## IV.

Upon review of the record, the undersigned concludes that the ALJ applied the proper legal standards, and her determination that Plaintiff is not disabled is supported by substantial evidence.

ACCORDINGLY, it is hereby

**ORDERED:**

1. The decision of the Commissioner is **AFFIRMED**.

2. The Clerk of Court is directed to enter judgment pursuant to sentence four of 42 U.S.C. § 405(g) in favor of the Commissioner, and close the file.

**DONE** and **ORDERED** in Fort Myers, Florida on this 18th day of November, 2015.

CAROL MIRANDO
United States Magistrate Judge

Copies:
Counsel of record
Pro se parties